# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY J. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0853** |
| **WARDEN, UNITED STATES PRISON LEWISBURG** | **SECTION "H"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief concerning guilty pleas entered 20 years ago be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Johnny Joseph Green, is currently housed in the United States Penitentiary at Lewisburg, Pennsylvania.[2] Green was charged by bill of information in Orleans Parish on August 28, 1992, with one count of attempted armed robbery, six counts of armed robbery and five counts of first degree robbery.[3] His co-defendant, Anthony Calloway, was jointly charged in the one count of attempted armed robbery and in four of the armed robbery counts.

On September 3, 1992, co-defendant Calloway entered guilty pleas to each of the five counts against him.[4] The state trial court sentenced him to 20 years in prison on each count without benefit of parole, probation or suspension of sentence and with each sentence to run concurrently.[5]

About a month later, Green also entered guilty pleas to each of the twelve counts against him.[6] The court sentenced him to 20 years in prison on each count to run

---

[2]Rec. Doc. No. 16.

[3]St. Rec. Vol. 1 of 2, Bill of Information (7 pages), 8/28/92.

[4]St. Rec. Vol. 1 of 2, Plea of Guilty (Calloway), 9/3/92.

[5]St. Rec. Vol. 1 of 2, Minute Entry (Calloway), 9/17/92.

[6]St. Rec. Vol. 1 of 2, Plea of Guilty (Counts 1-5, 7, 9), 10/2/92; Plea of Guilty (Counts 6, 8, 10-12), 10/2/92.

concurrently and without benefit of parole, probation or suspension of sentence.[7] Green's conviction became final five (5) days later, on October 9, 1992, because he did not appeal or seek reconsideration of his sentences. See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[8]); La. Code Crim. P. art. 13 (weekend not included in the calculation of a period less than seven (7) days).

Almost one year later, on September 9, 1993, Green submitted a motion to the trial court seeking a copy of his plea hearing transcript.[9] Having received no response, Green submitted an application for writ of mandamus to the Louisiana Fourth Circuit Court of

---

[7]St. Rec. Vol. 1 of 2, Plea Minutes, 10/2/92.

[8]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five (5) days of the order or judgment being appealed, or from a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. This subsequent amendment does not apply to proceedings in 1992.

[9]St. Rec. Vol. 1 of 2, Motion for Production of Documents, 10/25/93 (dated 9/9/93).

Appeal on March 10, 1994.[10] The appellate court granted the writ and ordered the trial court to provide Green with a copy within 60 days.[11] On Green's application, the appellate court issued a second order for the trial court to provide the transcript within 30 days of its order.[12] The court denied Green's similar third writ application on October 5, 1994, as moot, noting that the trial court had by then complied with its prior orders.[13]

Five (5) years later, on November 30, 1999, Green filed a motion to amend or modify his sentence, citing 1997 revisions to La. Code Crim. P. art. 822 addressing the right to file such a motion.[14] The record does not contain a ruling or other disposition of this motion by the state trial court.

According to Green's pleadings, almost three years later on July 21, 2002, he was released on parole, only to be arrested on a federal weapons charge on March 9, 2003.[15] In addition to his five-year state sentence on revocation of his state parole, he was

---

[10] St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 94-K-0463, 3/14/94 (dated 3/10/94).

[11] St. Rec. Vol. 2 of 2, 4th Cir. Order, 94-K-0463, 5/19/94.

[12] St. Rec. Vol. 2 of 2, 4th Cir. Order, 94-K-1512, 8/19/04; 4th Cir. Writ Application, 94-K-1512, 8/1/94 (dated "7-  -94").

[13] St. Rec. Vol. 2 of 2, 4th Cir. Order, 94-K-2048, 11/3/94; 4th Cir. Writ Application, 94-K-2048, 10/13/94 (dated 10/5/94).

[14] St. Rec. Vol. 1 of 2, Motion to Amend or Modify Sentence, 11/30/99.

[15] Rec. Doc. No. 1-2, p. 11.

sentenced on the federal charges to serve 180 months in the custody of the Bureau of Prisons.[16]

Years later, on June 22, 2010, the state trial court received and filed a post-conviction motion from Green.[17] The record does not indicate the disposition of that motion. With no mention of this motion, Green later alleged in a writ application to the Louisiana Fourth Circuit that he had also submitted a petition for writ of error coram nobis to the state trial court in or around October 2010, for which he had received no ruling.[18] Attached to this writ application is a copy of a pleading entitled "Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. 1651" bearing no signature and an incomplete date in November, 2010, in which he asserted four (4) grounds for relief:[19] (1) The guilty plea was coerced and involuntary. (2) He was denied effective assistance of counsel when counsel failed to present mitigating evidence and erroneously advised him to enter a guilty plea. (3) His lack of mental competence denied him procedural due

---

[16]United States v. Green, Criminal Action No. 03-cr-20044 (W.D.La.).

[17]St. Rec. Vol. 1 of 2, Docket Entry, 6/22/10. The record does not contain any pleading filed on that day nor does Green reference any such filing in his petition or the response to the State's opposition. His only reference to such a motion was made in the his motion for mandamus relief (Rec. Doc. No. 26) which I have denied (Rec. Doc. No. 27).

[18]St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2011-K-0470, 4/11/11 (dated "__ day of April, 2011").

[19]St. Rec. Vol. 2 of 2, Petition for Writ of Error Coram Nobis, bearing no signature and an incomplete certification date of "__ day of November, 2010."

5

process. (4) He was denied the assistance of counsel before his appearance at the arraignment on October 2, 1992.

The Louisiana Fourth Circuit denied the writ application on May 6, 2011, finding that the "Petition for Writ of Error Coram Nobis" was not timely filed citing La. Code Crim. P. art. 930.8.[20] The Louisiana Supreme Court denied Green's related writ application without stated reasons on February 10, 2012.[21]

## II.     FEDERAL HABEAS PETITION

On February 29, 2012, the clerk of the United States District Court for the Western District of Louisiana filed Green's petition for federal habeas corpus relief in which he asserted four (4) grounds for relief:[22] (1) The guilty plea was coerced and involuntary. (2) He was denied effective assistance of counsel when counsel failed to present mitigating evidence and erroneously advised him to enter a guilty plea. (3) His lack of mental competence denied him procedural due process. (4) He was denied the assistance of counsel before his appearance at the arraignment on October 2, 1992.

---

[20]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2011-K-0470, 5/6/11. At the time of his conviction in 1992, La. Code Crim. P. art. 930.8 provided a three year period for a defendant to file for post-conviction relief in the state courts. It was amended La. Acts 1999, No. 1262, § 1 to allow a two year time period.

[21]State ex rel. Green v. State, 80 So.3d 487 (La. 2012); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2011-KH-1055, 2/10/12; La. S. Ct. Writ Application, 11-KH-1055, 5/23/11 (dated "May __, 2011").

[22]Rec. Doc. No. 1, pp. 5, 7, 8, 10; Rec. Doc. No. 1-2, pp. 2, 4, 6, 7.

The State filed a response in opposition to Green's petition, arguing only that the petition was not timely filed and must be dismissed as untimely.[23]

III.  GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[24] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Green's petition, which, for reasons discussed below, is deemed filed in this federal court on February 28, 2012.[25]

---

[23]Rec. Doc. No. 24.

[24]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Green's petition was filed by the clerk of the Western District on February 29, 2012, after the filing fee was received. Green's signature on the petition was dated February 28, 2012. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

7

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State correctly concludes and I find that Green's federal petition concerning guilty pleas entered 20 years ago was not timely filed in this court and must be dismissed for that reason.

IV. STATUTE OF LIMITATIONS

The AEDPA requires that a habeas petitioner bring his Section 2254 petition in most cases within one year of the date his conviction became final.[26] Duncan v. Walker,

---

[26]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

533 U.S. 167, 179-80 (2001). In this case, the statute of limitations was not affected by the fact that Green was released on parole and that parole was later revoked. The claims asserted in this federal application strictly challenge the validity of his original guilty pleas forming the basis of his underlying conviction, not the revocation of his parole. Thus, the statute of limitations for review of the claims asserted here ran from the date of the original judgment, not from the revocation of Green's parole. See Heiser v. Johnson, 263 F.3d 162, 2001 WL 803542, at *1-2 (5th Cir. Jun. 8, 2001) (Table, Text in Westlaw) (limitations runs from finality of underlying conviction unless the petition is challenging the parole revocation which constitutes a later predicate under § 2244(d)); Stokes v. Avoyelles Correctional Center, No. 11-2879, 2012 WL 1019826, at *2-4 (E.D. La. Mar. 9, 2012) (Knowles, MJ) (same regarding probation revocation), findings adopted by, 2012 WL 1019125, at *1 (Mar. 26, 2012) (Zainey, J); Alfiero v. Warren, 2011 WL 4595806, at *1 (E.D. Mich. Oct. 4, 2011) (for claims addressing the original conviction after the revocation of parole, the one-year statute of limitations begins to run when direct review of the original sentence ends, not from the date of revocation) (citing St. Clair v. Harry, No. 11-cv-691, 2011 WL 3814678, at *3 (E.D. Mich. July 26, 2011) (habeas petition challenging original convictions rather than revocation procedures was untimely because limitations period began to run when original convictions were final, not when parole was revoked)).

Applying the foregoing legal standards in this case, Green's conviction was final on October 9, 1992. This was well more than four years before the AEDPA effective date of April 24, 1996. The United States Court of Appeals for the Fifth Circuit has held, however, that a petitioner has a one-year grace period from that effective date, or until April 24, 1997, to file his federal habeas petition or benefit from the tolling provisions allowed by the AEDPA and related case law. See Flanagan, 154 F.3d at 200 (defining the grace period); United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998), cert. denied, 525 U.S. 1091 (1999) (defining the grace period); 28 U.S.C. § 2244(d)(2) (defining statutory tolling); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (addressing equitable tolling). The court in "Flores concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." Flanagan, 154 F.3d at 200 (citing Flores, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1005).

Because Green's conviction became final before AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997. Green

submitted his federal petition on February 28, 2012, almost 15 years after the grace period expired, and it must be dismissed as untimely, unless the one-year statute of limitations grace period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace, 544 U.S. at 418; Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Green has not asserted any reason that might constitute rare or exceptional circumstances why the one-year grace period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more

than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-

3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations grace period began to run in Green's case on April 25, 1996, the day after the AEDPA became effective. The limitations grace period ran uninterrupted for 365 days, until April 24, 1997, when it expired. Green had no

properly filed state post-conviction or other collateral review pending in the Louisiana courts during that time period. His first such pleading was submitted to the state trial court on November 30, 1999, which was more than two (2) years <u>after</u> the AEDPA grace filing period expired. A filing made after the AEDPA filing period has expired does not afford a petitioner any tolling. See <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) ("State habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

In addition to permitting this one-year period of time to lapse, Green did not file for any other review in the state courts before his parole revocation on July 21, 2002, and he waited about seven (7) years after his revocation to submit his pleadings seeking post-conviction review in 2010. In other words, the record reflects multiple periods of years of time without any filings by Green in the state courts. There is no showing of diligence on Green's part.

The record establishes that, after his conviction became final and the AEDPA grace period lapsed, Green allowed substantially more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal habeas petition. His federal habeas corpus petition challenging his underlying 1992 convictions is clearly time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Johnny J. Green for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[27]

New Orleans, Louisiana, this __1st__ day of October, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[27]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.